UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                          CASE NO: 2:05-cr-79-FtM-33DNF

STURLEE BROWN, III
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Sturlee Brown, III's pro se Motion under U.S.C. § 3582(c)(2) for Modification of Sentence by a Person in Federal Custody (Doc. # 90), filed on January 23, 2012. On January 27, 2012, the Court entered an Order directing the United States Probation Office to prepare a report regarding the Defendant's eligibility for a reduction in sentence based on the United States Sentencing Commission's retroactive lowering of the guideline sentencing range for certain crack cocaine offenses. (Doc. # 91). On January 31, 2012, the Probation Office issued a report determining that Amendment 750 would not have the effect of reducing Defendant Brown's guidelines calculations because the Defendant was found to be a career offender.

On April 11, 2012, this Court entered an Order deferring ruling on the Motion pending response from the parties. (Doc. # 94). Defendant Brown filed his response (Doc. # 95) on April 24, 2012, and the Government filed its response (Doc. # 96) on

April 25, 2012. For the reasons that follow, the Court finds that Defendant Brown is ineligible for a sentence reduction pursuant to Amendment 750.

## I. Background

On November 10, 2005, Brown pled guilty to a charge of possession with intent to distribute and distribution of 5 grams or more of a mixture or substance containing crack cocaine. (Doc. # 39). He was sentenced to 188 months imprisonment on February 9, 2006. (Doc. ## 43-44).

On February 29, 2008, Brown filed a motion for reduction of sentence pursuant to the 2008 changes to the sentencing guidelines under Amendments 706 and 709. On October 23, 2008, the Court found that Brown was ineligible for a sentence reduction because of his status as a career offender. (Doc. # 69). Brown appealed (Doc. # 66) and the Eleventh Circuit Affirmed. (Doc. # 84). Brown now seeks a sentence reduction pursuant to the 2011 changes to the sentencing guidelines under Amendment 750.

## II. Analysis

The United States Sentencing Commission promulgated Amendment 750 lowering the base offense level specified in U.S.S.G. § 2D1.1 for cocaine base (crack cocaine) offenses as of November 1, 2011. The Commission decided that Amendment 750

should be applied retroactively. Section 3582(c)(2) gives the district court the discretion to modify a term of imprisonment after it has been imposed as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10(a) of the Sentencing Guidelines provides that a reduction in a defendant's term of imprisonment is authorized under § 3582(c)(2) when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)." U.S.S.G. § 1B1.10(a). However, a reduction in sentence is not authorized under § 3582(c) if the covered amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

When a defendant's base offense level was determined according to the career offender guidelines and not the drug quantity table, Amendment 750 does not have the effect of lowering the defendant's applicable guideline range. In United

-3-

States v. Moore, 541 F.3d 1323 (11th Cir. 2008), the Eleventh Circuit held that career offenders were not eligible for reductions in sentence based on the 2008 retroactive crack amendment (Amendment 706) because their sentences were "based on" the career offender guidelines, not the crack guidelines. This is so because a career offender is sentenced under U.S.S.G. § 4B1.1.; a reduction to the base offense level under U.S.S.G. § 2D1.1 would not affect the sentencing range. Id. at 1327-30. To the extent that a defendant may seek to challenge his career offender status, this Court lacks authority to revisit that determination in a § 3582(c)(2) proceeding. Dillon v. United States, 130 S.Ct. 2683, 2694 (2010).

Brown concedes that the record supports a finding that he qualified to be sentenced as a career offender. He further recognizes that the stated reasons for Amendment 750 suggest that those sentenced as career offenders would be unaffected by the Amendment. Nonetheless, Brown asks this Court to consider Freeman v. United States, 131 S.Ct. 2685 (2011), in which the Supreme Court held that "§ 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytical framework the judge used to determine the sentence." Id. at

-4-

2692-93. The Supreme Court stated that sentencing guidelines should be corrected when they become "a cause of inequality, not a bulwark against it." Id. at 2690.

Brown suggests that while Freeman involved the applicability of the retroactive amendment to a plea agreement, the language of the decision is broad enough to impact career offender cases. In particular, the Supreme Court noted that "a categorical bar on § 3582(c)(2) relief . . . would prevent district courts from making an inquiry that is within their own special knowledge and expertise." Id. at 2694. As such, § 3582(c)(2) "calls for an inquiry into the reasons for a judge's sentence." Id. at 2695. Thus, Brown asserts that Freeman calls Moore's narrow interpretation of the phrase "based on" into question.

However, the Eleventh Circuit recently reiterated its position that a court may reduce a defendant's sentence pursuant to § 3582(c)(2) only if the relevant amendment is listed in U.S.S.G. § 1B1.10(c) and the reduction is consistent with the Guidelines' policy statement in U.S.S.G. § 1B1.10(a)(1). United States v. Baxter, 2012 WL 1192173, at *1 (11th Cir. Apr. 9, 2012).

> When determining whether a reduction is warranted, a court should determine the Guidelines range that would have been applicable had the relevant

amendment been in effect at the time of the defendant's sentencing. In doing so, a court must only substitute the relevant amendment into the district court's original Guidelines calculations, and leave all other Guideline-application decisions unaffected. Where a retroactively applicable Guidelines amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his sentence was based, the district court is not authorized to grant a sentence reduction pursuant to § 3582(c)(2).

Id. Furthermore, courts in the Middle District have held recently that nothing in Freeman undermines Moore to the extent that a district court should disregard Moore. See United States v. Daniels, No. 2:04-cr-87-FtM-29SPC, 2012 WL 405174, at *1 (M.D. Fla. Feb 9, 2012); United States v. Brandy, No. 6:11-cr-340-Orl-31DAB, Doc. # 11 (M.D. Fla. Jan. 31, 2012).

After careful consideration of the arguments and authorities discussed above, the Court finds that Defendant Brown is ineligible for relief pursuant to Amendment 750 because he is a career offender. A reduction in Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with U.S.S.G. § 1B1.10. Furthermore, pursuant to United States v. Moore, the Court lacks the authority to reduce Defendant's sentence.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Sturlee Brown, III is ineligible for a reduction in sentence pursuant to § 3582(c)(2) because he is a career offender.

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>30th</u> day of May, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
Office of the Federal Public Defender
United States Attorney's Office
United States Probation office
Bureau of Prisons
U.S. Marshals Office
Any pro se party